# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                             Case No. 16-60009-JWB

DONALD LETELLIER,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 4.) The United States Probation Office has informed the court that it opposes the motion. For the reasons indicated herein, the motion is DENIED.

**I. Background**

Defendant was charged with and pled guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and five counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a). (Doc. 1.) On February 11, 2005, he was sentenced by the Hon. Lloyd D. George, United States District Judge in the District of Nevada, to a sentence of 188 months to be followed by a five year term of supervised release. (Doc. 2.)

According to information provided by the Probation Office, Defendant has maintained sobriety, been employed and has maintained stable housing. Defendant's criminal history includes prior convictions for voluntary manslaughter, arson, forgery, and unlawful possession of a controlled substance. Defendant also has prior arrests that did not result in convictions for assault and domestic violence. In the past year, probation reports that Defendant recently started

outpatient marriage and family counseling due to unstable romantic relationships. In one such relationship, a woman reported that Defendant sexually assaulted her although no formal charges have been filed.

**II. Standard**

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Courts are required by 18 U.S.C. § 3583(e) to consider the following factors: the nature and circumstances of the offense and the history and characteristics of the defendant; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. *United States v. Rutherford*, No. 10-40009-01-SAC, 2017 WL 2911780, at *1 (D. Kan. July 7, 2017) (citations omitted). Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

**III. Analysis**

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be denied. Defendant's consistent and positive recent performance on supervised release is commendable and weighs in favor of the motion. But the court must also consider and weigh other factors, including Defendant's prior convictions and history of violence. Defendant has also battled substance abuse issues in the past, and his continued successful

avoidance of such issues on supervised release will go a long way toward allowing him to perform successfully in the future.

**IV. Conclusion**

Defendant's Motion for Early Termination of Supervised Release (Doc. 4) is DENIED.

IT IS SO ORDERED this 26th day of February, 2020.

              ___s/ John W. Broomes_____
              JOHN W. BROOMES
              UNITED STATES DISTRICT JUDGE